**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DIEGO PATRICIO DELGADO GUZMAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | 3:26-cv-01157 |
| v. | ) | |
| | ) | |
| MARKWAYNE MULLIN, et al., | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

**MEMORANDUM ORDER GRANTING IN PART AND DENYING IN PART WITHOUT
PREJUDICE PETITION FOR WRIT OF HABEAS CORPUS**

Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus. (ECF No. 1).

Petitioner, a citizen of Ecuador, is currently detained at Moshannon Valley Processing Center. He

entered the United States without inspection in or around March 2006, and has remained in the

United States since that time. Petitioner was arrested and detained on or around June 3, 2026.  The

Immigration and Customs Enforcement ("ICE") agents and the local Police Officer who detained

Petitioner that day determined that he was unlawfully present in the United States. Respondents

rely on 8 U.S.C. § 1225(b)(2)(A) to support that detention. (ECF No. 7, at 3).

Petitioner asserts that he is subject to discretionary detention pursuant to 8 U.S.C. § 1226(a)

and not mandatory detention under § 1225(b)(2) and, therefore he is entitled to a bond hearing.

The Court agrees. Section 1226 applies to aliens who are "already present in the United States[,]"

*Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018), while the mandatory detention provision of

§ 1225 addresses detention of "applicants for admission" to the United States. *Bethancourt Soto v.

Soto*, No. 25-CV-16200, 2025 WL 2976572, at *2 (D.N.J. Oct. 22, 2025). Although our Court of

Appeals has yet to weigh in on this issue, this Court joins the United States Courts of Appeals for

the Second, Sixth and Eleventh Circuits, and the overwhelming majority of district courts —

1

numbering at least 350 — in holding that § 1226(a), rather than the mandatory detention provision of § 1225(b), applies to aliens similarly situated to Petitioner, who are not seeking admission at a port of entry but rather are already present in the country. *See Da Cunha v. Freden*, No. 25-3141, slip op. (2d Cir. Apr. 28, 2026); *Lopez-Campos v. Raycraft*, No. 25-1965, slip op. (6th Cir. May 11, 2026); *Fidencio Alvarez v. Warden, Fed. Det. Ctr. Mia.*, No. 25-14065, slip op. (11th Cir. May 6, 2026); *Barco Mercado v. Francis*, 811 F. Supp. 3d 487, 506-14 (S.D.N.Y. 2025) (collecting 350 cases). The Court's conclusion also aligns with the reasoning of Judge Lee's Opinion for the United States Court of Appeals for the Seventh Circuit. *Castanon Nava v. DHS*, No. 25-3050, slip op. (7th Cir. May 5, 2026). The Court concludes that those decisions supply the appropriate legal rule as to this issue in the context of this matter, as opposed to the decisions in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026) and *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026). In the circumstances presented, Petitioner's detention is governed by § 1226(a), and he has a right to an individualized bond hearing.

Petitioner also seeks now an award of attorneys' fees and expenses. Although "the United States enjoys sovereign immunity from awards of monetary relief," it has waived such immunity for certain monetary awards through the Equal Access to Justice Act ("EAJA"). *Michelin v. Warden Moshannon Valley Corr. Ctr.*, 169 F.4th 418, 424 (3d Cir. 2026). Under the EAJA, a court may award fees and expenses to a prevailing party against the United States, unless "the court finds that the position of the United States was *substantially justified* or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A) (emphasis added). The key issue currently before the Court here is whether Petitioner is an "applicant for admission" under 8 U.S.C. § 1225(a). Respondents argued that "applicant for admission" includes noncitizens like Petitioner who have already been residing in the interior of the United States. As noted above, the Court is

mindful that the United States Court of Appeals for the Third Circuit has not yet interpreted the meaning of "applicant for admission" under § 1225(a), and that two United States Courts of Appeals have ruled that "applicant for admission" includes noncitizens like Petitioner who have resided in the interior of the country for many years. *See Buenrostro-Mendez*, 166 F.4th 494; *Avila*, 170 F.4th 1128.

District courts across the country are currently split as to the awarding of attorneys' fees in cases similar to the one at bar. *See, e.g.*, *Alvarez v. Noem*, No. 3:26-CV-73, 2026 WL 545382, at *3 (W.D. Pa. Feb. 26, 2026) (granting habeas petition to extent the petitioner requested a bond hearing, but denying the petition to the extent the petitioner requested attorneys' fees and costs under the EAJA); *Orellana Rivas v. Oddo, et al*, No. 3:26-cv-00246, ECF No. 14 (W.D. Pa. March 10, 2026) (same); *but see Castanon Nava*, slip op., at 6 (noting that the district court entered an order awarding fees to plaintiffs and that defendants did not challenge that relief on appeal).That said, as to the gateway issue now before this Court, namely whether the Petitioner must be provided a prompt bail hearing before an immigration judge, the Court cannot say that the Government, while not prevailing on the detention/bail issue, was not substantially justified in taking its position in light of the decisions from the Fifth and Eighth Circuits. Thus, the Court will not award fees under the EAJA based on the proceedings to date. The Court need not, and does not, reach a conclusion as to whether such a fee award would or would not be available relative to other proceedings in this case at a later point, or in other cases.

AND NOW, this 29th day of June 2026, IT IS HEREBY ORDERED that Petitioner's Petition for Writ of Habeas Corpus, (ECF No. 1) is GRANTED IN PART and DENIED IN PART. It is GRANTED in that within ten (10) days of this Order, Petitioner must receive an individualized bond hearing before a neutral immigration judge pursuant to 8 U.S.C. § 1226. Within seven (7)

days thereafter, the parties shall provide notice to the Court in a filing on the docket of the outcome of the bond hearing. All other requests in the petition are otherwise DENIED WITHOUT PREJUDICE to the extent Petitioner seeks any additional relief at this time. The Court retains jurisdiction over the action and the parties pending further proceedings.

/s/ Mark R. Hornak
Mark R. Hornak
UNITED STATES DISTRICT JUDGE

Dated: June 29, 2026

CC: All counsel of record.